**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6355**

EMMANUEL LEE MCGRIFF EL,

Plaintiff - Appellant,

v.

JUDGE WILLIAM BLAND; MATT DELBRIDGE, District Attorney; JOHN DOE 1; JOHN DOE 2,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-ct-03008-FL)

Submitted:  July 20, 2021                                    Decided:  July 23, 2021

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Remanded by unpublished per curiam opinion.

Emmanuel Lee McGriff El, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel Lee McGriff El appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order dismissing McGriff El's complaint on October 9, 2020, thereby affording McGriff El until November 9, 2020, to file a notice of appeal. *See* Fed. R. App. P. 26(a)(1)(C). McGriff El filed in the district court an affidavit dated February 24, 2021, stating that he had not received any correspondence from the district court since February 2020 and that he would like to proceed with his case, including reopening it if it had been dismissed. McGriff El's filing included a notice of appeal. Because McGriff El sought permission to reopen his case, claimed he did not receive the district court's final order, and the affidavit was filed within 180 days after entry of the court's order, we construe the filing as a motion to reopen the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(6).

Accordingly, we remand this case to the district court for the limited purpose of determining whether McGriff El can satisfy the requirements for reopening the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*